UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RICHARD G. BREEDLOVE,

    Plaintiff,

v.                                CASE No. 8:04-CV-1712-T-TGW

JO ANNE B. BARNHART,
Commissioner of Social Security,

    Defendant.

O R D E R

THIS CAUSE came on for consideration upon the Commissioner's Motion to Dismiss Plaintiff's Complaint (Doc. 9), the Plaintiff's First Amended Motion for the Enlargement of Time (Doc. 14), and the responses thereto (Docs. 13, 19).

The plaintiff filed this lawsuit on July 23, 2004, seeking review of the denial of his application for Social Security disability benefits (Doc. 1). On May 9, 2005, the Commissioner moved to dismiss the plaintiff's claim for failure to effect service of process on the defendant within 120 days in accordance with Rules 4(i) and 4(m), F.R.Civ.P.

Where, as here, the defendant is an officer of the United States, service of process must be effected upon: (1) the United States Attorney for the district in which the action is brought, one of his designated officers, or that office's civil process clerk; (2) the Attorney General of the United States; <u>and</u> (3) the officer or agency that rendered the decision under review (the Commissioner of Social Security in this case). Rule 4(i)(1), F.R.Civ.P. Further, Rule 4(m), F.R.Civ.P., provides that service of process is to be made within 120 days after the filing of the complaint.

The plaintiff filed his complaint on July 23, 2004 (Doc. 1). Therefore, in accordance with Rule 4(m), the plaintiff had until November 20, 2004, to complete service of process. The Commissioner contends that the plaintiff's complaint should be dismissed because the "Plaintiff served the United States Attorney on March 17, 2005, served the Commissioner on February 5, 2005 [117 and 77 days late, respectively], and apparently never served the Attorney General of the United States" (Doc. 9, pp. 2-3). As the Commissioner subsequently acknowledged, the factual premise of her motion is partly erroneous. Thus, the plaintiff served timely both the Attorney General

and the General Counsel of the Social Security Administration on August 24, 2004 (see Doc. 13-2; Doc. 14, p. 3; Doc. 19, pp. 1-2).

However, the plaintiff acknowledges that he did not serve the United States Attorney until March 17, 2005, which is almost four months past the 120-day time period under Rule 4(m) for service of process (Doc. 13-1, ¶2; Doc. 14, ¶2). Consequently, the plaintiff has filed a motion for enlargement of time so that the summons served on the local United States Attorney on March 17, 2005, is considered timely (Doc. 14, ¶5). If an extension is not granted, the limitations period would be closed, thus barring the claim (Doc. 19, p. 5). Nonetheless, the Commissioner maintains that the plaintiff's complaint should be dismissed because "[t]he time period involved and the egregiousness of the delay ... merit a dismissal of the claim" (id.).

Since the plaintiff timely served the Attorney General and the General Counsel of the Social Security Administration on August 24, 2004 (see Doc. 13-2; Doc. 14, p. 3), the civil procedure rule that controls additional time for service of process is no longer Rule 4(m), but Rule 4(i)(3)(A), F.R.Civ.P. That rule provides:

> The court shall allow a reasonable time to serve process under Rule 4(i) for the purpose of curing

> the failure to serve ... all persons required to be served in an action governed by Rule 4(i)(2)(A), if the plaintiff has served either the United States attorney or the Attorney General of the United States.

Thus, under the plain language of Rule 4(i)(3)(A), F.R.Civ.P., "the court must allow a plaintiff a 'reasonable time' to cure a failure to serve those persons required to be served." 4B Wright & Miller, Federal Practice and Procedure: Civil 3d §1107, p. 37.

The Commissioner argues that Rule 4(i)(3)(A)'s mandate does not apply here because "[t]he Advisory Committee Notes ... indicate that the rule should be applied to those plaintiffs who were confused by the complexity of serving multiple government entities" (Doc. 19, p. 9).[*] Thus, the Commissioner argues that "this Court should not grant an extension in this case where ... service was not effected because of 'neglect'" (id. at p. 10).

However, the plain language of the rule does not exclude

---

[*]The Commissioner also relied upon Horenkamp v. Van Winkle and Co., Inc., 402 F.3d 1129 (11th Cir. 2005) (Doc. 19, p. 6). In Horenkamp, the Eleventh Circuit held that, under Rule 4(m), F.R.Civ.P., the court has "discretion to extend the time for service even in the absence of a showing of good cause." Id. at 1132. The applicable civil procedure rule in this circumstance, however, is Rule 4(i), F.R.Civ.P. In any event, the holding in Horenkamp seemingly favors the plaintiff's position since it emphasizes the liberality afforded in construing Rule 4 service requirements, especially where the "claim would be foreclosed because of the applicable statute of limitations." Id. at 1133.

neglectful action from its scope. To the contrary, the Advisory Committee Notes to the 2000 Amendments to Rule 4(i)(3) specify that "[t]here is no requirement ... that the plaintiff show that the failure to serve ... was reasonable." <u>See</u> <u>e.g.</u>, <u>Peterson</u> v. <u>Brownlee</u>, No. 03-2329-JWL, 2004 WL 45528 at *2 (D. Kan. Jan 8, 2004)(despite plaintiff's failure to show good cause, "Rule 4(i)(3) ... counsels that plaintiff be provided an opportunity to cure the failure to serve...").

Further, the Commissioner argues that the extension should not be granted because it would impair the "smooth and efficient functioning of the justice system" (Doc. 19, p. 10). However, it is axiomatic that the review process does not proceed in the scheduled time frame in all cases. For example, it is not uncommon for the Commissioner to seek extensions of time to file her answer or opposition memorandum, which I generally grant without hesitation.

Therefore, the dispositive issue in ruling on this motion is the determination of what constitutes "a reasonable time" under Rule 4(i)(3)(A), F.R.Civ.P. The Advisory Committee Notes to the 2000 Amendments to Rule 4(i) state that "[a] reasonable time to effect service ... must be allowed *after the failure is pointed out*" (emphasis added). Thus, this language indicates

that the time period for determining reasonableness does not begin until the plaintiff learns of the service defect.

In this regard, plaintiff's counsel states that he "was made known of the defect by the Defendant's Motion to Dismiss" (Doc. 14, p. 4), which was served upon the plaintiff on May 9, 2005 (Doc. 9, p. 7). However, earlier the plaintiff's counsel was called by the defendant and was requested to send a copy of the complaint and summons to the United States Attorney. Consequently, the plaintiff sent a copy of the complaint and summons to the United States Attorney for the Middle District of Florida on March 17, 2005 (Doc. 14, p. 4; Doc. 9, p. 1). The defendant apparently considers this acceptable service. The plaintiff therefore cured this service defect promptly after learning of the defect.

After the defendant filed her motion to dismiss, the plaintiff moved in a reasonable period to have his March 17, 2005, service deemed timely. Considering the severe consequence of rejecting the plaintiff's request for an extension of time, and the mandate that additional time be given to cure the service defect, that request appears appropriate.

Accordingly, it is upon consideration

ORDERED:

1. That the Commissioner's Motion to Dismiss Plaintiff's Complaint (Doc. 9) be, and the same is hereby, **DENIED**.

2. That the Plaintiff's First Amended Motion for the Enlargement of Time (Doc. 14) be, and the same is hereby, **GRANTED**. Accordingly, the plaintiff's service of process upon the United States Attorney for the Middle District of Florida, on March 17, 2005, shall be considered timely.

3. That the Commissioner shall, within 60 days from the date of this Order, file her answer to the plaintiff's complaint.

DONE and ORDERED at Tampa, Florida, this 4th day of October, 2005.

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE