UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RICHARD G. BREEDLOVE,

       Plaintiff,

v.                                                    CASE No.  8:04-CV-1712-T-TGW

JO ANNE BARNHART,
Commissioner of Social Security,

       Defendant.

_____

O R D E R

The plaintiff in this case seeks judicial review of the denial of his claim for Social Security disability benefits.[*]  Because the decision of the Commissioner of Social Security is supported by substantial evidence and does not contain reversible error, the decision will be affirmed.  Moreover, the request for a remand for the consideration of new evidence will be denied.

I.

The plaintiff, who was thirty-three years old at the time of the administrative hearings (Tr. 1010), has a bachelor's degree in secondary education and a master of science degree in business administration

_____

[*]The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 16).

management (Tr. 1012-13).   The plaintiff has worked at various jobs, including as a convenience store cashier (Tr. 125, 146).  He filed a claim for Social Security disability benefits alleging that he became disabled due to knee problems, lower back pain, migraine headaches, anxiety attacks, and depression (Tr. 135).   The claim was denied initially and upon reconsideration.

The plaintiff, at his request, then received <u>de novo</u> hearings before an administrative law judge.  The law judge, after two hearings, found that the plaintiff had severe impairments of bilateral degenerative joint disease of the knees, headaches, history of psychogenic tremor of the left arm and hand, and mild degenerative disc disease of the lumbar spine (Tr. 30).  He concluded that, in light of these impairments, the plaintiff had the residual functional capacity ("RFC") to lift twenty pounds occasionally and ten pounds frequently from table level, and to sit a total of six hours out of an eight-hour period with an option to sit and stand at will, including the option to stand for up to thirty minutes every two to two and a half hours (Tr. 34).  He also found that the plaintiff could stand for a total of two hours during an eight-hour period, and could walk with a cane for a total of two hours during an eight-hour period, and that the plaintiff is unable to perform highly stressful jobs

(Tr. 34-35).  Based upon the testimony of a vocational expert, the law judge determined that with this RFC the plaintiff could return to his previous work as a cashier in a convenience store, or, alternatively, could work at other jobs that exist in the national economy, such as a telephone survey worker, production inspector, or bench assembler at bench height (Tr. 35). Accordingly, the law judge decided that the plaintiff was not disabled. The Appeals Council let the decision of the law judge stand as the final decision of the Commissioner (Tr. 3-4).

## II.

In order to be entitled to Social Security disability benefits, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than twelve months."   42  U.S.C.  423(d)(1)(A).   A "physical or mental impairment," under the terms of the Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. 423(d)(3).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence.  42 U.S.C. 405(g).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses.  Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971).  Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence.  Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).  Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled.  However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met.  Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

III.

The plaintiff challenges the law judge's decision on two grounds. Neither supports reversal.

First, the plaintiff contends that the law judge's "determination of the severity of the right knee, the severity of the headaches, and the severity of the tremors" was incorrect (Doc. 24-1, p. 13). As the Commissioner points out, the law judge determined that the plaintiff has severe impairments of bilateral degenerative joint disease of the knees, headaches, and history of psychogenic tremors of the left arm and hand (Doc. 25-1, p. 5-6; Tr. 36). Since the law judge found that these are all severe impairments, the plaintiff's contention apparently means that he disagrees with the RFC determined by the law judge based on these impairments. The plaintiff, however, does not develop any argument showing that specific evidence compels a finding that the plaintiff's RFC is more limited than the law judge concluded. In other words, the plaintiff does not point to any evidence in the record, including, particularly, a medical opinion concerning the plaintiff's RFC, that would establish that the plaintiff does not have the capability to perform the activities set forth in his RFC. Importantly, under the substantial evidence standard, "findings of fact made by administrative agencies ... may be reversed ... only

when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004)(en banc), cert. denied, 544 U.S. 1035 (2005).

     With respect to the plaintiff's right knee, the law judge included in his RFC the restriction that the plaintiff was limited to work at which he could sit an aggregate of six hours out of an eight-hour period with an option to stand at will, including being able to stand for as much as thirty minutes every two to two and a half hours (Tr. 34).  Moreover, although the law judge stated that "the medical evidence of record does not show that a cane is medically necessary" (Tr. 33), he nevertheless gave the plaintiff the benefit of any doubt and in his RFC limited the plaintiff to walking "with a cane an aggregate of 2 hours during an 8 hour period" (Tr. 34-35).  The plaintiff has not pointed to any medical evidence that opines that the plaintiff's restriction concerning his right knee is greater than the law judge found.

     Furthermore, there is a medical opinion from a treating orthopedist that the plaintiff is less restricted than the law judge determined. Dr. Jon J. Ehrich treated the plaintiff for a low back problem, but was aware of his three prior surgeries on his right knee (Tr. 424, 425).  In August 2001,

Dr. Ehrich restricted the plaintiff to limited light duty work (Tr. 427). However, about four weeks later, Dr. Ehrich stated that the plaintiff could "[r]eturn to work on full duty without restrictions or modified activity" (Tr. 423). Despite this opinion from a treating orthopedist, the law judge found that the plaintiff was more limited than Dr. Ehrich said (Tr. 34). This finding underscores the discerning evaluation made by the law judge with respect to the plaintiff's right knee. Consequently, there is no basis for concluding that the evidence in the record compels a finding that the plaintiff's right-knee condition poses greater limitations than those found by the law judge.

Similarly, the plaintiff has not identified any medical evidence in the record compelling a finding that the plaintiff's psychogenic tremor in his left arm and hand limit the plaintiff's RFC beyond what the law judge determined. The plaintiff asserts that the law judge concluded that the plaintiff's tremors were not a severe impairment (Doc. 24-1, p. 16), but the law judge's decision clearly states otherwise (Tr. 30, 36).

In order to accommodate this condition, the law judge restricted the plaintiff from working highly stressful jobs (Tr. 34-35). This restriction is in line with the plaintiff's testimony that "[s]ometimes if I'm under a lot of stress it'll start shaking a lot" (Tr. 1026), and "if I was under a lot of pressure

I would have the shaking and tremors" (Tr. 1042).  The plaintiff does not explain why this restriction against highly stressful jobs is inadequate, and does not suggest a different restriction based on the impairment of the tremors (see Doc. 24-1, p. 16).  Furthermore, while the plaintiff refers to medical diagnoses of the tremors, he does not assert that those diagnoses were accompanied by any opinions of functional limitations (id.).  In addition, the law judge could reasonably conclude that a claim that the plaintiff's tremors were incapacitating was inconsistent with the plaintiff's testimony that he uses his computer daily for an hour at a time and about two to two and a half hours in the aggregate (Tr. 1060-61).

Finally, the plaintiff also argues that the seriousness of his headaches was not appropriately addressed by the law judge (Doc. 24-1, p. 16).  However, other than brief references to two diagnoses of headaches based seemingly on the plaintiff's complaints, the plaintiff does not identify any medical opinions indicating that the plaintiff suffers from debilitating headaches, or even that the headaches impose functional limitations.

Nevertheless, the law judge accepted headaches as one of the plaintiff's severe impairments (Tr. 30, 36), and appropriately set forth his review of the evidence in the record regarding the headaches (Tr. 31, 32).  The

law judge stated that the plaintiff "has experienced headaches since 1996" and "reported that his headaches have diminished to only two or three times a week and are worsened with stress and work" (Tr. 31).  Since the plaintiff worked from 1996 to mid-July 2001 with headaches, and the headaches have now diminished, the law judge could reasonably conclude that the plaintiff's headaches are not debilitating.  Moreover, the law judge sought to accommodate this problem by precluding the plaintiff from highly stressful jobs (Tr. 35).  Under these circumstances, and in view of the minimal medical evidence in the record regarding headaches, the evidence plainly does not compel a finding that the plaintiff's headaches impose greater limitations than those set forth in the RFC.

In sum, the law judge did not err in his assessment of the plaintiff's right knee, tremors and headaches.  Furthermore, although the plaintiff made no such argument, the evidence does not compel a finding that the combined effects of these three impairments, as well as the effects of the plaintiff's other impairments, impose an RFC that is more restrictive than that found by the law judge.

The plaintiff's second contention is that the law judge failed adequately to explain why he discounted the plaintiff's testimony of being

totally disabled (Doc. 24-1, p. 17).  The plaintiff asserts that the law judge did not give specific reasons why he found the plaintiff's testimony unpersuasive (id. at p. 18).

The Eleventh Circuit has established a standard for evaluating complaints of pain and other subjective complaints.  Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005).  As the court of appeals explained in Landry v. Heckler, 782 F.2d 1551, 1553 (11th Cir. 1986), the pain standard "required evidence of an underlying medical condition and (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (2) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain." If the law judge discredits the plaintiff's subjective testimony, he must articulate explicit and adequate reasons for doing so.  Wilson v. Barnhart, 284 F.3d 1219, 1225 (11th Cir. 2002).

The law judge recognized the proper standard for evaluating subjective complaints.  Indeed, he cited Landry, as well as the pertinent regulation and Social Security Ruling (Tr. 33).  Moreover, the law judge gave the following reasons why he was discounting the plaintiff's testimony regarding the extent of his disability (Tr. 33):

> Although I found the claimant to be a sincere witness, he was not persuasive that he is totally disabled.   His claims in this respect are contradicted by some of the medical findings as well as by his daily activities.  In my judgment, the residual functional capacity assessment reached below accommodates all claimed limitations which are reasonably supported by credible medical evidence.

The plaintiff contends that this credibility determination is not sufficiently specific (Doc. 24-1, p. 18).  However, Wilson v. Barnhart, supra, 284 F.3d at 1226, demonstrates that the law judge's explanation for his credibility determination is adequate.  There, as here, the law judge stated that the plaintiff's claim of total disability was not supported by objective medical evidence and was inconsistent with his activities of daily living.  Similarly, in Heppell-Libsansky v. Commissioner of Social Security, 2006 WL 622745, *5 (11th Cir. 2006)(unpub. dec.), the court of appeals concluded that a credibility finding was explicit and adequate even though it simply said that the plaintiff's "description of her symptoms was 'considerably more limited and restricted than [was] established by the medical evidence, her own contemporaneous statements to treating sources, and medical source opinions.'"

Moreover, the law judge in this case not only stated that the plaintiff's claim of total disability was contradicted by medical findings and by his daily activities, but he articulated those matters in his decision. Thus, the law judge specifically outlined the plaintiff's daily activities, which included driving, playing computer games, watching television, visiting neighbors, going to church, going out to dinner, cleaning his apartment, collecting stamps, and riding a stationary bike every other day (Tr. 31-32).

The law judge also discussed in detail the medical findings within the record that are inconsistent with a claim of total disability (Tr. 30-32). Significantly, the purpose of requiring an explicit and adequate statement of reasons for a credibility determination is to demonstrate that the law judge considered the plaintiff's medical condition as a whole. Dyer v. Barnhart, supra, 395 F.3d at 1211. The law judge's discussion of the medical evidence shows that he did consider the plaintiff's medical condition as a whole.

For these reasons, the law judge's credibility determination was explicit and adequate. Moreover, it was reasonable and supported by substantial evidence. Consequently, the plaintiff's second ground does not warrant reversal.

In addition to his two challenges to the law judge's decision, the plaintiff seeks a remand to require the Commissioner to consider a psychological evaluation from psychologist Dr. John Hummer that diagnosed the plaintiff as suffering from post traumatic stress disorder ("PTSD") (Doc. 24-2). The evaluation, which was dated August 25, 2003 (id. at p. 3), is based on progress notes from weekly group sessions Dr. Hummer had with the plaintiff from June 26, 2003, through August 14, 2003. Neither the report, nor any of the individual progress notes, was provided to the law judge prior to his decision, which was rendered on August 11, 2003 (Tr. 37).

The new evidence is not to be considered in determining whether the law judge's decision is supported by substantial evidence. Falge v. Apfel, 150 F.3d 1320, 1323 (11th Cir. 1998), cert. denied, 525 U.S. 1124 (1999). The new evidence, however, may support a remand under sentence six of 42 U.S.C. 405(g). Falge v. Apfel, supra, 150 F.3d at 1323. In order to obtain such a remand, the plaintiff must demonstrate that (1) the information is new evidence and not cumulative, (2) the evidence is material in that a reasonable possibility exists that the new evidence would change the administrative result, and (3) good cause exists for the plaintiff's failure to submit the

evidence at the appropriate administrative level.  Id.  The plaintiff cannot satisfy either the materiality or the good cause component of this criteria.

On its face, Dr. Hummer's report would appear to be material, since it opines that the plaintiff suffers from very severe limitations due to PTSD.  In the context of this case, however, there is not a reasonable possibility that Dr. Hummer's opinion would be given any weight.

The law judge examined in detail the plaintiff's allegation of a mental impairment and concluded that the evidence showed only a non-severe impairment of a mild depressive disorder (Tr. 31-32).  The law judge noted that, as recently as February 7, 2003, the plaintiff's treating psychiatrist, Dr. Nabil Dajani, gave the plaintiff a Global Assessment of Functioning ("GAF") score of 65 (Tr. 586), which is mid-point in the scale of mild symptoms. Diagnostic and Statistical Manual of Mental Disorders (4th ed.), p. 32.  The plaintiff did not raise any challenge to the law judge's assessment of his mental status.

According to Dr. Hummer, within a few months, the plaintiff was severely ill due to PTSD.  Dr. Hummer wrote that the plaintiff "spontaneously reported a variety of problems/symptoms that seem to have been exacerbated by the onset of the War with Iraq" (Doc. 24-2, p. 2).  At the outset, this is

questionable because, although the plaintiff served in the Air Force from 1996 to 2000, there is no indication that he was ever involved in combat.

More significantly, the War in Iraq began on March 20, 2003, and the plaintiff never mentioned to the law judge at the administrative hearing on April 2, 2003, that he was suffering any distress from that war. Furthermore, the daily activities that the plaintiff reported at that hearing are clearly inconsistent with Dr. Hummer's opinion that the plaintiff has a marked restriction of activities of daily living (id., p. 3).

In addition, there was a supplemental hearing on June 18, 2003, and at that hearing the plaintiff was asked if his condition had changed (Tr. 1078). While the plaintiff mentioned a headache and a heel problem, he did not claim to be suffering from any mental problem arising from PTSD (or anything else).

Eight days later, however, the plaintiff at a group therapy session "reported experiencing posttraumatic stress disorder symptoms, including nightmares, intrusive images and flashbacks, as well as fears of heights, sensitivity to loud sounds and noises, etc." (Doc. 24-2, p. 4). Dr. Hummer then diagnosed PTSD on June 26, 2003.

The idea that the plaintiff's mental condition deteriorated so severely between June 18, 2003, (when he made no mention of mental problems) and June 26, 2003, (when he was complaining of severe PTSD symptoms) is completely implausible.  I recognize that in this type of case it is not my role to make credibility findings.  However, in determining whether there is a reasonable possibility that Dr. Hummer's report would change the administrative decision, it is appropriate to consider whether the Commissioner would discount the report because its opinions are not plausible in light of evidence that was before the law judge.  Consequently, I find that the Commissioner would give no weight to Dr. Hummer's report and the accompanying notes.  Thus, that evidence is not material.

Furthermore, the plaintiff has failed to show good cause for not presenting the new evidence concerning PTSD to the law judge.  The plaintiff's only argument on this point is that Dr. Hummer's report was not in existence (Doc. 24-1, p. 19).  Under the circumstances of this case, that argument is too simplistic.

In the first place, the plaintiff had the opportunity to tell the law judge about the PTSD symptoms at the June 18, 2003, hearing (if not at the

April 2, 2003, hearing).  After all, Dr. Hummer's report was apparently based upon what the plaintiff had "spontaneously reported" (Doc. 24-2, p. 2).

Furthermore, the plaintiff was diagnosed with PTSD on June 26, 2003, just eight days after the supplemental hearing.  The plaintiff has not provided any reason for his failure to bring this diagnosis to the attention of the law judge promptly.  There were also reports on July 3, July 10, and July 22, all of which diagnosed PTSD before the law judge rendered his decision, and these (for no expressed reason) were not brought to the law judge's attention either.  The fact that a hearing has been conducted does not provide justification for a failure to attempt to submit new evidence to the law judge where he has not yet issued his decision.  See Pasco v. Commissioner of Social Security, 137 Fed.Appx. 828, 847 (6th Cir. 2005).

In Milano v. Bowen, 809 F.2d 763, 767 (11th Cir. 1987), the court of appeals made the following comments (citation omitted):

> [W]e believe that the good cause requirement
> reflects a congressional determination to prevent
> the bad faith manipulation of the administrative
> process.  The requirement was designed to prevent
> claimants from attempting to withhold evidence
> "with the idea of 'obtaining another bite of the
> apple' if the Secretary [now Commissioner]
> decides that the claimant is not disabled." ...  The
> good cause requirement was designed to avoid the

> danger of "encouraging claimants to seek after-
> acquired evidence, and then use such evidence as
> an unsanctioned 'backdoor' means of appeal."

These concerns require a plaintiff who wishes to present recently developed, new evidence to the Commissioner to exercise diligence in making his submission. That plainly was not done here. And, importantly, the plaintiff has failed to explain why it was not. Accordingly, the plaintiff has not shown good cause for his belated submission of the PTSD evidence.

It is, therefore, upon consideration

ORDERED:

That the decision of the Commissioner is hereby AFFIRMED. Furthermore, the request for a remand for the consideration of new evidence is DENIED. The Clerk shall enter judgment in accordance with this Order and close this case.

DONE and ORDERED at Tampa, Florida, this 15th day of December, 2006.

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE